## NEW YORK SUPERIOR COURT.

ADRIAN ISELIN and another agt. WM. GRAYDON and others.

A plaintiff is not entitled to an *extra allowance of costs*, on obtaining judgment against the defendant, although an *attachment* was issued in the action and served upon the defendant, where the defendant shows that the attachment pending the action was *set aside and vacated.*

*New York Special Term, March*, 1863.

THIS is an appeal from an adjustment of costs. An attachment against the property of the defendants had been granted by a judge of the court. On motion at special term the attachment was vacated and set aside. .On appeal to the general term the order vacating the attachment was affirmed. The plaintiffs having obtained judgment against the defendants in the action, the clerk allowed the sum of sixty dollars as an extra allowance to the plaintiffs under section 308 of the Code. That section gives an extra allowance to the plaintiff " upon a recovery of judgment by him, in an action  *  *  *  *in which a warrant of attachment has been issued ;*" and it is claimed that the plaintiff is entitled to the item, notwithstanding his attachment has been set aside.

—— ——, *for plaintiffs.*
—— ——, *for defendants.*

MONELL, Justice. The literal reading of the section certainly admits of the construction claimed by the plaintiffs ; but this statute, like all other statutes, must be interpreted by the intention of the legislature. An attachment against property is a provisional remedy, designed to secure the property of the defendant to answer the judgment of the plaintiff. It is issued *ex parte,* upon the application of the plaintiff, in any action for the recovery of money, in the cases provided in sections 228, 229 of the Code. The

grounds upon which it is granted form no part of the cause
of action against the defendant, and it is not necessary in
procuring the judgment.   The object of the extra allow-
ance was to make compensation to the plaintiff for the
extra labor in procuring the provisional remedy.   If, how-
ever, the warrant was improvidently issued, or if the de-
fendant, on a motion to set it aside, can make it appear that
it should not have been issued, and the court accordingly
set it aside, then the case stands as if the warrant had not
been issued.   The legislature never could have intended
to give a plaintiff this extra allowance unless his attach-
ment was sustained.   When a warrant of arrest is vacated
by the court, an execution against the person of the de-
fendant cannot be issued under section 288, unless the
complaint states a cause of action which of itself would
authorize an arrest.   Any other construction would place
it wholly in the power of a plaintiff, in any action, to claim
the extra allowance by merely obtaining a warrant of
attachment, and which warrant may have been procured
upon false affidavits.

In order to entitle a plaintiff to the allowance, he must
not only obtain the attachment, but it must also be sus-
tained.

In this case, the attachment having been set aside, the
plaintiff is not entitled to the allowance, and it should have
been disallowed by the clerk.

It must be referred back to the clerk for readjustment.